IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11cv883-SRW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Christopher Lee Edwards appeals the final decision of the Commissioner of Social Security denying his claims for benefits under Titles II and XVI of the Social Security Act. The parties have consented to proceeding before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. ## 18, 19). Upon consideration of the parties' briefs and the administrative transcript, the court concludes that the Commissioner's decision is due to be affirmed.

**Background**

From 1990 through January 2008, plaintiff worked as a laborer for various employers (construction labor, moving mobile homes, cutting trees to clear power easements) and for Wal-mart (cutting meat, gathering grocery carts, stocking, and sweeping). (Exhibit 5E). He filed the present claims at age thirty-seven, alleging disability due to "heart disease and crippling arthritis." (Exhibits 1D, 2E). According to his application, he completed seventh

grade in 1985 at Clanton Intermediate School, taking special education classes. (R. 154).[1] The Disability Determination Service (DDS) requested his school records, but the Chilton County School System responded that it "[did not] have any records on this student." (R. 165). DDS then sent plaintiff to Dr. King on August 24, 2010, for a consultative mental evaluation. (Exhibit 8F). Plaintiff's scores on the WAIS-IV yielded a Full Scale IQ of 66. Dr. King noted, however, "that taken together with all of his work history and his adjustment, it is believed that he functions in the borderline range of intellectual functioning." (R. 301). Dr. King further observed that plaintiff's "task performance is relatively consistent with most of his scores in the borderline range of functioning," and that plaintiff "has memory skills that are in the low average range of ability." (R. 301). Dr. King diagnosed plaintiff as having "Borderline Intellectual Functioning." (R. 302).

In a decision issued on February 4, 2011, the ALJ found that plaintiff has a severe impairment of borderline intellectual functioning and several severe physical impairments. (R. 19). The ALJ observed that "a number of [plaintiff's] jobs have been semi-skilled in nature" (R. 25; <u>see also</u> VE testimony at R. 56-57), and noted the reasons given by Dr. King for the diagnosis of borderline intellectual functioning (R. 26). The ALJ concluded that, while plaintiff cannot perform his past relevant work, he retains the residual functional capacity to perform other jobs existing in significant numbers in the national economy. (R. 30).

---

[1] At the hearing, plaintiff testified that he "went to the seventh [grade], but [he] did not finish." R.38).

After the ALJ issued his decision, plaintiff's counsel sent plaintiff to Dr. Alan Blotcky for further evaluation. (Exhibit 14F). On March 14, 2011, Dr. Blotcky administered WAIS-IV testing with a resulting Full Scale IQ score of 66, which Dr. Blotcky noted was within the "Mildly Retarded range of intellectual abilities." (R. 404). Dr. Blotcky also evaluated plaintiff's academic abilities through WIAT-II testing; plaintiff's scores on this test also fell within the "Mildly Retarded" range. (Id.). Dr. Blotcky diagnosed "Mild mental retardation." (R. 405). Plaintiff submitted Dr. Blotcky's report and "Medical Source Opinion Form (Mental)" to the Appeals Council, along with an addendum prepared by Dr. Blotcky on May 30, 2011. (R. 4)(Appeals Council's order adding specified exhibits to the record).[2] In the addendum, Dr. Blotcky challenged Dr. King's conclusion that plaintiff was malingering as to mental illness and reiterated that plaintiff's "intellectual abilities fall in the Mildly Retarded range." (R. 408-09). As to the latter, Dr. Blotcky explained:

> My intellectual test findings are nearly identical to the findings of Dr. Glen King from August 24, 2010. It is clear and irrefutable that Mr. Edwards' Full Scale IQ is 66, placing him in the Mildly Retarded range of intellectual abilities. In addition, all of his academic scores (reading, math, spelling, writing) from the WIAT-II fall in the Mildly Retarded range. Mr. Edwards quit school in the seventh grade after being in special education classes. He has worked as a stacker. His history and test data are extremely consistent.

(R. 408). On August 16, 2011, after considering the new evidence, the Appeals Council

---

[2] Plaintiff also submitted medical records pertaining to his knee MRI on September 13, 2010 and knee surgery on November 4, 2011. (Exhibit 13F). The court does not discuss the evidence regarding plaintiff's physical impairments because – as noted by plaintiff's counsel – that evidence is not relevant to the particular issues raised in this appeal. (See Doc. # 21; see also Doc. # 12, pp. 6-9).

3

denied plaintiff's request for review.  (R. 1-5).

## Specific Issues Raised by Plaintiff

In this appeal, plaintiff does not contend that the ALJ committed any error.  Instead, he asserts that the Appeals Council "erred in failing to grant review in light of newly submitted evidence."  (Doc. # 12, p. 1).  Plaintiff maintain that "if he is Mildly Mentally Retarded with a valid Full Scale IQ of 66, then he is disabled by virtue of meeting the exact criteria of Listing 12.05C."  (Id., p. 12).  He identifies two specific issues: (1) "Whether the AC articulated adequate reasons for denying review in light of Dr. Blotcky's report?"; and (2) "Whether Dr. Blotcky's report constitutes new and material evidence?"  (Id.).

The court addresses the latter issue first.  The Commissioner's regulations provide that:

> [i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b).  In this case, the Appeals Council considered the new evidence plaintiff submitted, but "found that this information does not provide a basis for changing the Administrative Law Judge's decision" (R. 2, 4).  Plaintiff maintains that "Dr. Blotcky's report creates a reasonable possibility that such evidence would have changed the ALJ's decision."  (Doc. # 12, p. 13).  This argument alludes to the standard for a new evidence

4

remand under sentence six of 42 U.S.C. § 405(g).  However, because the new evidence at issue was submitted to the Appeals Council, the inquiry here – as plaintiff observes elsewhere in his brief (Doc. # 12, p. 9) – is whether, considering the new evidence along with the other evidence of record, the decision of the ALJ is supported by substantial evidence. See Ingram v. Commissioner of Social Security, 496 F.3d 1253, 1262 (11th Cir. 2007)("[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous.").  Thus, plaintiff's argument that he is entitled to remand because the evidence he submitted to the Appeals Council is both "new" and "material" is misguided.

The evidence first submitted to the Appeals Council does not render the ALJ's decision erroneous as, considering the record as a whole, the decision is supported by substantial evidence.  In concluding that plaintiff functions in the borderline range, despite his low IQ scores, Dr. King noted "all of [plaintiff's] work history and his adjustment[.]" (R. 301).  Plaintiff had told Dr. King that he had worked as a forklift operator for one year until he was fired because he was hurt on the job.  (R. 300).  The vocational expert testified that plaintiff's job as a forklift operator involved semiskilled work, as did other jobs previously performed by plaintiff.  (R. 56-57).[3]  In his decision, the ALJ noted plaintiff's history of semi-skilled work (R. 24, 29). He further noted Dr. King's assessment of

---

[3] The VE testified that plaintiff's work at Wal-mart and his work operating a forklift for Builder's Choice was semiskilled, as was his work as a security guard, gate tender, and helper with moving and setting up mobile homes.  (R. 56-57).

borderline intellectual functioning, taking plaintiff's IQ scores "together with all of his work history," as well as Dr. King's observation that plaintiff's task performance "was relatively consistent with most of his scores in the borderline range of functioning" and that plaintiff had "memory skills that were in the low average range of ability." (R. 26). Dr. Blotcky does not state whether he was aware that plaintiff's "last job ... as a stacker at a truss company" involved the semiskilled work of operating a forklift, and he does not mention any of plaintiff's other jobs. (Exhibit 14F; see also Exhibit 15F ("He has worked as a stacker.")). While Dr. Blotcky's report is evidence that plaintiff suffers from mild mental retardation, Dr. King's report is evidence that plaintiff functions in the borderline range instead. In view of Dr. King's opinion and plaintiff's history of semiskilled work, the new evidence from Dr. Blotcky does not deprive the ALJ's decision of substantial evidentiary support, and the Appeals Council did not err by denying review. The Appeals Council was not required to credit Dr. Blotcky's diagnosis over Dr. King's, or to find that plaintiff functions in the mild mental retardation range despite his history of semiskilled work.

Additionally, the court finds no error in the Appeals Council's limited explanation of its reason for denying review. Plaintiff contends that this action is due to be remanded to the Commissioner because the Appeals Council failed to discuss the additional evidence and stated only that the additional evidence "does not provide a basis for changing the Administrative Law Judge's decision." (Doc. # 12, pp. 10-11)(quoting R. 2).[4] The binding

---

[4] The Commissioner ignores this argument entirely, even though plaintiff identifies it clearly as a discrete issue and devotes two pages of his brief to this particular contention. (See Doc. # 12,

appellate decisions cited by plaintiff do not require reversal in this case solely on the basis of the Appeals Council's failure to explain its reasoning for denying review further.  In Epps v. Harris, 624 F.2d 1267 (5th Cir. 1980), "the Appeals Council [had] acknowledged that Epps had submitted new evidence, [but] did not adequately evaluate it. Rather, it perfunctorily adhered to the decision of the hearing examiner." Id. at 1273.  The former Fifth Circuit concluded that "this failure alone" required remand "for a determination of Epps' disability eligibility reached on the total record." Id.  However, in contrast to the present case, the Appeals Council action before the Fifth Circuit was not a denial of review.  The regulations in effect at the time of the Appeals Council's action in Epps provided that it "may deny a party's request for review or it may grant review *and either affirm or reverse the presiding officer's decision.*"  20 C.F.R. § 404.951 (as revised by 31 Fed. Reg. 16765, Dec. 31, 1966)(emphasis added).[5]  The Epps opinion reflects that the Appeals Council had affirmed the hearing examiner's decision. Id. at 1269 ("The Appeals Council, whose decision on a claim for Social Security disability payments is automatically adopted by the Secretary, affirmed the ALJ's rejection of Epps' claim on March 11, 1977.")(emphasis added); id. at 1272-73 ("The rationale for the ALJ's determination was not expanded or revised by the Appeals Council.  In affirming the hearing decision, the Appeals Council merely noted that it had considered the additional evidence submitted by Epps and found the ALJ's decision

---

pp. 1, 10-11; Doc. # 16).  The better practice, of course, is for the Commissioner to respond to each ground for reversal advanced by the plaintiff.

[5] The present guidance allows the same actions by the Appeals Council, but in different provisions of the Commissioner's regulations.  See 20 C.F.R. §§ 404.967, 404.979.

7

to be 'correct.'")(emphasis added). Here, the Appeals Council could have affirmed the hearing examiner's decision only if it had granted review of that decision.[6] Thus, while Epps is a binding decision, it does not apply in the present case.[7]

Both of the published Eleventh Circuit decisions on which plaintiff relies reviewed decisions of the Secretary in which the Appeals Council had denied review.[8] However, in neither case did the Eleventh Circuit hold that the Appeals Council's failure to discuss new

---

[6] It seems unlikely that Fifth Circuit meant that the Appeals Council had denied review. As noted above, the court used the term "affirmed" twice in its opinion to describe the Appeals Council's action and, also, indicated that "the Appeals Council adopted the hearing examiner's decision without addressing post-hearing evidence[.]" 624 F.2d at 1273; see 20 C.F.R. § 404.950(c)(1977 version)(33 Fed. Reg. 3060 (Jan. 16, 1968), as amended at 34 Fed. Reg. 17520 (Oct. 30, 1969)("A *decision of the Appeals Council* shall be based upon the evidence received into the hearing record and such further evidence as the Appeals Council may receive, as provided in §§ 404.942, 404.943, 404.948, and 404.949. *This decision shall be made in writing and contain findings of fact, and a statement of reasons*.")(emphases added); § 404.951 (1977 version)(31 Fed. Reg. 16766, Dec. 31, 1966)(section entitled, "Effect of Appeals Council's decision or refusal to review[,]" providing that "[t]he Appeals Council may deny a party's request for review or it may grant review and either affirm or reverse the Administrative Law Judge's decision.")

[7] But see Flowers v. Commissioner of Social Security, 441 Fed. Appx. 735 (11th Cir. 2011)(unpublished opinion)("When a claimant properly presents new evidence, *and the Appeals Council denies review*, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence. ... If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.'")(citing and quoting Epps, 624 F.2d at 1273)(emphasis added; alteration in Flowers, footnotes omitted); Culver v. Astrue, 924 F.Supp.2d 1295, 1302 (N.D. Ala. 2013)(stating that "[w]hen a claimant properly presents new evidence, and the AC denies review, the AC must show in its written denial that it has adequately evaluated the new evidence" and concluding that "Epps and its progeny ... dictate[d] remanding the case" where the Appeals Council had considered new evidence in denying review but had "offer[ed] no material basis for affirming the decision")(citing Epps, 624 F.2d at 1273). Flowers is not binding authority. Neither is it persuasive, since the Appeals Council's affirmance of the hearing decision in Epps does not equate to a denial of review.

[8] See Doc. # 12, pp. 10-11 (citing Bowen v. Heckler, 748 F.2d 629 (11th Cir. 1984) and Smith v. Bowen, 792 F.2d 1547 (11th Cir. 1986)).

8

evidence, *standing alone*, constituted reversible error. The <u>Bowen</u> court cited <u>Epps</u> with approval. <u>Bowen</u>, 748 F.2d at 636. However, a careful review of the opinion reveals that the <u>Bowen</u> court did not conclude that the Appeals Council committed reversible error only by failing to *discuss* the new evidence and the reasons that evidence did not warrant review, but – where the ALJ had failed to consider the claimant's impairments in combination – the Appeals Council also had erred by failing to address the combined effect of the claimant's impairments. <u>Id</u>. at 634.[9] In <u>Smith</u>, the Eleventh Circuit found that plaintiff was entitled to remand based on evidence first presented to the district court (<u>id</u>. at 1550) – *i.e.*, a "sentence six" new evidence remand. The court determined that its decision to remand based on evidence first presented to the district court was "reinforced" by the Secretary's failure to order a consultative psychiatric examination. <u>Id.</u> at 1550-51. While the <u>Smith</u> court cited <u>Epps</u> and noted the Appeals Council's summary acknowledgment of additional evidence (<u>id</u>. at 1551), it did not hold that the Appeals Council's failure to discuss that evidence was – standing alone – a basis for remand.[10] Instead, it found that "the evidence as it stood before

---

[9] The Appeals Council had, in fact, discussed the additional evidence, finding "immaterial" a statement from the claimant's previous supervisor (because it pertained to the claimant's performance on past jobs) and a statement from a vocational consultant (because it equated plaintiff's past job performance with his current capabilities), and finding a letter from a psychologist reemphasizing the opinions he expressed previously in a report that was before the ALJ to be cumulative (*i.e.*, it "did not contain information that was not considered by the administrative law judge"). <u>Bowen</u>, 748 F.2d at 633-634.

[10] The court stated:

This court has remanded cases in which the Appeals Council failed to adequately evaluate new evidence submitted to it and instead perfunctorily adhered to the decision of the ALJ. <u>See</u>, *e.g.*, <u>Epps v. Harris</u>, 624 F,2d 1267, 1273 (5th Cir. 1980). In its denial of Smith's request for review, the Appeals Council simply stated that it

the Appeals Council" indicated the need for a consultative psychiatric examination, and that the Appeals Council had erred when it "did not find that the evidence of the [claimant's] psychiatric treatment justified changing the outcome or even warranted full review or a remand" (id. at 1551-53).

Upon review of the relevant case law – binding and otherwise – the court finds no error in the Appeals Council's discussion, in denying review of the ALJ's decision in the present case, of the additional evidence submitted to it by the plaintiff. See Levie v. Commissioner of Social Security, 514 Fed. Appx. 829, 832-33 (11th Cir. 2013)(unpublished opinion)("The record reflects that the AC considered the evidence Levie submitted in deciding not to review his case and found that it did not provide a basis for changing the ALJ's decision. The AC specifically stated it 'considered the reasons [Levie] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Counsel.' Contrary to Levie's assertion, nothing requires the AC to further explain further its denial of review, and in any event we must consider the evidence anew to determine whether the new evidence renders the denial of benefits erroneous.")(citing Ingram, 496 F.3d

---

had considered the letter brief and the new evidence, but "decided that neither the contentions nor the additional evidence provided a basis for changing the Administrative Law Judge's decision."

We do not decide whether the record required that the ALJ order a consultative psychiatric examination. It seems apparent, however, that the evidence as it stood before the Appeals Council indicated the relevance and usefulness of such an examination.

Smith, 792 F.2d at 1551.

at 1262)(alterations in Levie); Mansfield v. Astrue, 395 Fed. Appx. 528, 530 (11th Cir. 2010)(unpublished opinion)("In denying review of the ALJ's decision, the Appeals Council stated that it had considered the additional evidence Mansfield submitted but was denying review because that evidence did not provide a basis for overturning the ALJ's decision. Mansfield contends that the Appeals Council inadequately explained its decision to deny review. She argues that it was required to explain in non-conclusory terms why the additional evidence she submitted would not have changed the administrative result. We disagree. When a claimant properly presents new evidence to the Appeals Council and it denies review, 'a reviewing court must consider whether that new evidence renders the denial of benefits erroneous.' ... Because a reviewing court must evaluate the claimant's evidence anew, the Appeals Council was not required to provide a more thorough explanation than it did.")(citing and quoting Ingram, 496 F.3d at 1262).[11]

**CONCLUSION**

Upon consideration of the issues raised by the plaintiff and the evidence of record, the court concludes that the Commissioner's decision is due to be affirmed. A separate judgment will be entered.

DONE, this 20th day of December, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[11] These unpublished cases are not binding. However, particularly in view of their reliance on Ingram, the court finds the decisions to be persuasive.

12